UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS GIFFORD,                                    )
                                                   )
            Plaintiff,                             )
                                                   )
      vs.                                          )      Case No.  4:17-CV-02673-AGF
                                                   )
K-MART CORPORATION and                             )
 GENDRON, INC.,                                    )
                                                   )
            Defendants.                            )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion (ECF No. 19) for leave to expand

the number of interrogatories directed to Defendants K-Mart Corporation ("K-Mart") and

Gendron, Inc. ("Gendron"), beyond the presumptive limit of 25 interrogatories per party set forth

in Federal Rule of Civil Procedure 33.  Plaintiff's claims arise out of his injuries suffered at a K-

Mart store, while sitting in a wheelchair that Plaintiff alleges was manufactured by Gendron and

provided to and maintained by K-Mart.  Plaintiff asserts negligence and product liability claims.

Plaintiff argues that "[w]heelchairs are technical in nature coming in no less than fourteen

(14 variations)" and subject to numerous federal codes and regulations for manufacture and

maintenance.  ECF NO. 19 at 1.  Plaintiff states that "[i]n order to cover all facets of the

maintenance and technical nature of the wheelchair at issue," he seeks to serve 55 interrogatories

on each Defendant.  *Id.*  Plaintiff has attached the proposed interrogatories to his motion.

K-Mart opposes the motion,[1] arguing primarily that, because K-Mart did not

---

[1]     Gendron did not timely file an opposition, and the out-of-time opposition it filed without
leave of the Court (ECF No. 23) will not be considered.

manufacture, sell, or distribute the wheelchair, Plaintiff's interrogatories to K-Mart regarding the "design, sale, and distribution of the wheelchair" are irrelevant.

Rule 33 provides that "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2), governing the permissible scope of discovery. Having carefully considered the parties' arguments and the proposed interrogatories in light of the proportionality concerns of Rule 26(b) and (2), the Court will grant Plaintiff's motion.

Plaintiff's amended complaint alleges that K-Mart "knew or should have known that the wheelchair was in a defective and dangerous condition," and that K-Mart "caused and/or permitted the wheelchair to become dangerous by failing to inspect and maintain said wheelchair," and "fail[ing] to discover, remove, remedy or replace the aforesaid wheelchair to make it safe and secure for persons."  Plaintiff's proposed interrogatories to K-Mart are relevant to these allegations, and the burden of the proposed discovery does not outweigh its likely benefit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Expand the Number of Interrogatories is **GRANTED**.  ECF No. 19.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2018.